IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK NORTON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 09-1751 |
| | : | |
| BRIAN COLEMAN, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| PHILADELPHIA, and THE ATTORNEY | : | |
| GENERAL OF PENNSYLVANIA, | : | |
| Respondents. | : | |

DuBOIS, J.  JANUARY 21, 2010

**M E M O R A N D U M**

**I.  INTRODUCTION**

Presently pending before the Court is Mark Norton's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  United States Magistrate Judge David R. Strawbridge submitted to the Court a Report and Recommendation dated November 25, 2009 ("R&R"), in which he recommended that the Petition be dismissed.  On December 10, 2009, petitioner filed objections to the R&R.

This Memorandum addresses the issues raised in the objections.  For the reasons set forth below, the objections are overruled.  The Court approves and adopts the R&R in its entirety, and dismisses the Petition for Writ of Habeas Corpus.

**II.  DISCUSSION**

The facts of the case are set forth in detail in the R&R and will not be repeated in this Memorandum.

The majority of petitioner's objections to the R&R are a verbatim repetition of petitioner's previous submission to the Court.  Specifically, pages three through seven of

Petitioner's Objection to Report and Recommendation are identical to pages thirteen through seventeen of Petitioner's Memorandum of Law in Support of Habeas Petition 2254, dated April 21, 2009, submitted to the Court together with Petitioner's Writ of Habeas Corpus. In these recycled arguments, petitioner fails to "specifically identify" the portion of the R&R to which objection is made and the basis for such objection as required by Local Rule 72.1(IV)(b). The issues raised by petitioner's earlier submission were already considered and rejected in the R&R, which this Court approves and adopts. They need not be addressed again.

In that part of petitioner's difficult to comprehend submission which presents new issues for consideration, petitioner objects to the R&R's analysis of petitioner's alleged cause for procedural default of his due process claims, which relate to the amendment of the Bill of Information on the eve of his trial. The R&R addressed petitioner's assertion that the alleged ineffectiveness of his Post-Conviction Relief Act ("PCRA") attorney was sufficient to demonstrate cause for the default. On this issue, the R&R concluded that, because petitioner had no Sixth Amendment right to counsel in his state post-conviction proceedings, any ineffectiveness of petitioner's PCRA counsel could not constitute cause to excuse petitioner's procedural default of his due process claims at the PCRA stage. (R&R at 14.) Petitioner argues that the focus of the R&R was misplaced, and that the Court should have instead addressed the alleged ineffectiveness of petitioner's *trial attorney* in its cause and prejudice analysis.

As an initial matter, the Pennsylvania Superior Court concluded in its ruling on petitioner's PCRA appeal that petitioner waived his due process claims relating to the late amendment of the Bill of Information when he failed to include those claims in either his *pro se* PCRA petition or his counsel amended PCRA petition. Because the Superior Court found that the due process claims were defaulted at the PCRA stage, and not at trial or on direct appeal,

2

during which time petitioner was represented by trial counsel, the R&R properly focused on the alleged ineffectiveness of the PCRA attorney and not the trial attorney. The R&R then correctly applied Third Circuit precedent, which holds that any ineffectiveness of PCRA counsel cannot constitute cause to excuse a habeas petitioner's procedural default on another claim. See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002).

Even it this Court were to consider petitioner's argument that ineffective assistance of his *trial attorney* constitutes cause to excuse default of his due process claims in state court proceedings, it would reach the same result. A claim of ineffectiveness of counsel asserted to demonstrate cause for a procedural default of another federal claim, can itself be defaulted. See Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000). In both of his PCRA petitions, petitioner failed to raise the issue of his trial attorney's alleged ineffectiveness in relation to the late amendment of the Bill of Information, and thereby defaulted on that ineffectiveness claim. As a result, petitioner cannot now rely on the assertion of ineffective assistance of his trial counsel to establish "cause" for the procedural default of his due process claims. Id.

### III. CONCLUSION

For all of the foregoing reasons, petitioner's Objection to the Report and Recommendation is overruled, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge dated November 25, 2009, is approved and adopted, and the Petition for Writ of Habeas Corpus is dismissed. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or this Court's procedural rulings with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate order follows.